Anthony T. **LEE**, et al., Plaintiffs,

United States of America, Plaintiff–Intervenor and Amicus Curiae,

National Educational Association, Inc., Plaintiff–Intervenor,

v.

**CHAMBERS COUNTY BOARD OF EDUCATION**, et al., Defendants,

Lanett City Board of Education, et al., Defendant–Intervenors,

and

City of Valley and Valley City Board of Education, Defendant–Intervenors.

Civ. A. No. 844–E.

United States District Court, M.D. Alabama, Eastern Division.

Aug. 8, 1994.

---

Solomon S. Seay, Jr., J. Richard Cohen, Montgomery, AL, Norman J. Chachkin, New York City, Janell M. Byrd, Washington, DC, for plaintiffs.

Frank Marshall, Sabrina Jenkins, James Turner, Civ. Rights Div., Dept. of Justice, Washington, DC, for plaintiff-intervenor U.S.

Solomon S. Seay, Jr., Montgomery, AL, for plaintiff-intervenor N.E.A.

Robert T. Meadows, Opelika, AL, for defendant Chambers County Bd. of Educ.

Donald Sweeney, Jr., Eugenia McGill, Birmingham, AL, John Jones, Lanett, AL, for defendant-intervenor Valley City Bd. of Educ. and City of Valley.

Sydney S. Smith, Phenix City, AL, for defendant-intervenor Lanett City Bd. of Educ.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, District Judge.

This case is now before the court on the Motion to Alter or Amend Judgment, the Motion for an Interim Award of Costs and Reasonable Attorneys' Fees, and Motion for Entry of Judgment Pursuant to *Fed.R.Civ.P.* 54(b), filed by the private plaintiffs on April 15, 1994, May 27, 1994, and June 13, 1994, respectively.

### I. BACKGROUND

This is a long-standing desegregation case involving the school system operated by the Chambers County Board of Education.

The current phase of this case began on June 16, 1992, when the Chambers County Board of Education filed a request for approval by the court of a proposed amendment to its desegregation plan. The City of Valley and the Valley City Board of Education (referred to collectively as "Valley") were allowed to intervene in order to seek authorization from this court to create and operate a separate city school system within Chambers County, Alabama. The private plaintiffs, the United States of America, and the Chambers County Board of Education opposed the creation and operation of the requested city system. The private plaintiffs and the United States of America also opposed the Chambers County Board of Education's request for approval of a proposed amendment to its desegregation plan.

This case was tried during the summer of 1993. Prior to completion of trial, the matter of Chambers County Board of Education's

proposed amendment to its desegregation plan was resolved by an interim agreement among the original parties, which was approved by the court.

On April 8, 1994, the court entered extensive findings of fact and conclusions of law, none of which will be repeated here. In accordance with the findings of fact and conclusions of law, at the same time the court entered an order denying Valley's request to operate a separate school system and ordering that the parties shall bear their own costs. The private plaintiffs now urge the court to amend its judgment so as to tax their costs against Valley and also to require Valley to pay their reasonable attorney's fees. For the reasons given hereafter, the court will deny these requests.

## II. ATTORNEY'S FEES

Plaintiffs seek attorney's fees under the provisions of 42 U.S.C. § 1988, sometimes referred to as the Civil Rights Attorney's Fees Awards Act of 1976. This statute authorizes a court, in its discretion, to award reasonable attorney's fees to a prevailing party in actions brought to enforce civil and constitutional rights. Plaintiffs argue that they are prevailing parties on the issue of whether Valley should be allowed to have a separate school system, and that, therefore, they are entitled to their attorney's fees. Valley disagrees, arguing that they were not wrong-doers and should not be charged with such fees.

■ There are several statutes authorizing the award of attorney's fees in different types of civil rights cases and different types of cases to which 42 U.S.C. § 1988 has been applied. In applying the statutory exceptions to the usual "American Rule" which rejects the notion of allowing a winning litigant to recover attorney's fees from the losing opponent, the courts have recognized that a great deal of discretion is vested in the trial court. It has also been recognized that this discretion has its limits and certain principles have evolved which assist the trial court in exercising its discretion.

■ For example, it has long been held that a prevailing plaintiff in a case to which one of these fee-shifting statutes applies should ordinarily recover attorney's fees unless special circumstances render such an award unjust. See, e.g., Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968). This principle is based upon the concept that parties injured by discrimination act as "private attorneys general" in bringing suits to vindicate their rights, and that this should be encouraged.

■ Another rule guiding the trial courts in exercising their discretion in these matters is that a prevailing defendant may be awarded attorney's fees against a plaintiff only upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation. Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978).

■ The court finds a common thread running through civil rights fee award cases regardless of the particular statute or type of case involved. That is, that in addition to the requirement that a fee recipient be a prevailing party there is necessarily a finding that the party required to pay the fee did something wrong to the prevailing party. In other words, the courts do not simply apply an "English Rule" by automatically awarding attorney's fees to a prevailing party, but they consider a concept of fault which makes it just for the loser to pay the winner's fees.

The requirement of wrongdoing on the part of a party charged with attorney's fees was addressed by the Supreme Court in the case of Independent Federation of Flight Attendants v. Zipes, 491 U.S. 754, 109 S.Ct. 2732, 105 L.Ed.2d 639 (1988), a Title VII case which, while involving a different statute, the court finds to be clearly analogous to this case.

In Zipes, a class of female flight attendants entered into a settlement agreement with TWA. The collective bargaining agent for TWA flight attendants intervened in the lawsuit on behalf of incumbent flight attendants who would be adversely affected by a provision in the settlement, and challenged the settlement agreement. The challenge was rejected and a petition was filed for an

award of attorney's fees against the losing intervenor. In reversing an award of attorney's fees, the court said that

> in contrast to losing Title VII defendants who are held presumptively liable for attorney's fees, losing intervenors like petitioner have not been found to have violated anyone's civil rights. See *Christiansburg Garment*, 434 U.S. at 418 [98 S.Ct. at 700]. In this case, for example, petitioner became a party to the lawsuit not because it bore any responsibility for the practice alleged to have violated Title VII, but because it sought to protect the bargained-for seniority rights of its employees. Awarding attorney's fees against such an intervenor would further neither the general policy that wrongdoers make whole those whom they have injured nor Title VII's aim of deterring employers from engaging in discriminatory practices.

491 U.S. at 762, 109 S.Ct. at 2737. The court went on to say that, "Our cases have emphasized the crucial connection between liability for violation of federal law and liability for attorney's fees under federal fee-shifting statutes." *Id.* The case was remanded for the trial court to make inquiry as to whether the intervention was frivolous, unreasonable, or without foundation. 491 U.S. at 766, 109 S.Ct. at 2739.

■■■ Therefore, under *Zipes*, an innocent intervenor who has not been found to have violated anyone's civil rights should be assessed fees only if the intervention was frivolous, unreasonable, or without foundation. *See Sable Com. of California v. Pacific Tel. & Tel.*, 890 F.2d 184, 194, n. 20 (9th Cir., 1989). In this case, Valley was clearly an innocent intervenor. Alabama law authorizes, and even mandates in absence of an agreement to the contrary, a city to form and operate its own school system. Valley acted in accordance with state law in organizing the Valley City Board of Education. Since Valley was a part of an existing school district operating under a federal court terminal desegregation order, Valley intervened in this case to seek authority from this court to operate the lawfully formed school system. From the beginning, Valley recognized that it had a role in the on-going desegregation efforts in Chambers County and requested the court to order an overall desegregation plan that would accommodate the existence and operation of a separate Valley school system. The court found that Valley acted in good faith in attempting to establish its own fully integrated system and in offering to play whatever role the court assigned it in a desegregation plan for the county. The fact that this court ultimately held that under all existing circumstances it was not possible at this time for a separate Valley system to be operated without having an adverse effect on efforts to achieve a unitary system in Chambers County in no way detracts from Valley's good faith efforts to find a lawful means of operating its own system as state law allows. The intervention was by no means frivolous, unreasonable, or without foundation.

Valley has not violated anyone's civil rights. Valley has done nothing wrong, unless one considers an attempt to form its own school system in the manner allowed by state law to be wrong. This court does not.

The same reasons which compel this court to find that the intervention was not frivolous, unreasonable, or without foundation, are considered by the court to be special circumstances that would render an award of attorney's fees against Valley to be unjust. Therefore, even if Valley were considered as a defendant, rather than as an intervenor, the court would not find an award of attorney's fees to be appropriate.

For the reasons given above, the court in the exercise of its discretion declines to require Valley to pay attorney's fees to the private plaintiffs, and the private plaintiffs' motion for attorney's fees is DENIED.

## III. COURT COSTS

As to plaintiffs' Motion to Alter or Amend Judgment, filed on April 15, 1994, which seeks an assessment of costs other than attorney's fees against Valley, the court DENIES the motion.

This case involved an extremely difficult issue in which all parties were acting in good faith. Valley was diligently seeking, at great expense to itself, not to impede desegregation efforts in Chambers County, but merely

**1474**

to operate its own fully integrated school system under state law and to find a way to do so which would not create any such impediment. Although such a way could not be found and a separate system was not authorized, the court feels that the making of the effort by Valley focused the issues and brought various persons to an awareness of problems in a way that will ultimately inure to the benefit of private plaintiffs and will further the eventual achievement of a unitary school system in Chambers County. Under these circumstances, the court feels that it would be equitable for all parties to share in the court costs. Accordingly, paragraph 4 of the court's order of April 8, 1994, will not be altered or amended.

### IV. MOTION FOR ENTRY OF FINAL JUDGMENT

The court is of the opinion that the plaintiff's motion for entry of judgment pursuant to *Fed.R.Civ.P.* 54(b) is due to be GRANTED at this time. Accordingly, the court makes express determination that there is no just reason for delay in the entry of a final judgment as to the claims of the City of Valley and the Valley City Board of Education seeking authority to operate a separate school system and as to private plaintiffs' claims for reasonable attorney's fees and costs relating to Valley's claims, and it is hereby

ORDERED that the clerk enter final judgment against the City of Valley and the Valley City Board of Education on their claims seeking authority to operate a separate school system and against private plaintiffs on their claims for attorney's fees and court costs.